```
                                              Eastern District of Kentucky
      UNITED STATES DISTRICT COURT                 F I L E D
      EASTERN DISTRICT OF KENTUCKY                 JUN 0 3 2005
             LONDON DIVISION                        AT LONDON
        CIVIL CASE NO. 05-287-DCR                LESLIE G. WHITMER
                                             CLERK U.S. DISTRICT COURT
```

DAVID WAYNE PARKS,                                    PETITIONER

VS.                  **REPORT AND RECOMMENDATION**

THOMAS L. SIMPSON, WARDEN,                            RESPONDENT

*******

This matter is before the Court upon the "Petition for Writ of Habeas Corpus" (DE#1) pursuant to 28 U.S.C. §2254 by the petitioner, David W. Parks, pro se. This matter has been referred to the undersigned Magistrate Judge for initial consideration and a report and recommendation. Having considered the entire record, and no response being necessary, the Magistrate Judge makes the following proposed findings of fact and conclusions of law:

**I. Findings of Fact**

On the morning of September 18, 1987, Joyce Partin, while working at a grocery store in Artemis, Kentucky, was fatally shot at close range with a .25 caliber automatic pistol in the face and throat. Shortly thereafter, a store customer found her lying on the floor behind the counter, at approximately 7:50 a.m. The store customer called the police. En route to the crime scene, the police apprehended the petitioner, David Parks, who was driving recklessly in the immediate vicinity of the crime. Police found a .25 caliber automatic pistol, money and food stamps from the store, and illegal drugs in his vehicle.

On December 10, 1987, the Knox County Grand Jury returned an indictment against the petitioner for the offenses of murder, first degree robbery, and first degree burglary. (No. 87-CR-087). Petitioner appeared at his arraignment with his counsel and pleaded not guilty. Defense counsel thereafter filed a notice of defense of insanity. However, upon examination by two different psychiatric professionals, plaintiff was found competent to stand trial. Plea Tr. p. 5-6.

The Commonwealth of Kentucky elected to seek capital punishment, and

notice was given to defendant early in the proceedings. Plea Tr. p.8. The prosecution complied with pretrial discovery requests by defense counsel, and even took defense counsel to the crime site, explaining what was found and where it was found. Plea Tr. p. 14-15. The defendant's counsel was provided with police reports and numerous witness statements.

On the day his capital murder trial was to commence (November 14, 1988), Parks filed a "Waiver of Further Proceedings With Petition to Enter Plea of Guilty" in the Knox Circuit Court. The maximum possible penalty for the murder charge was the death penalty, and ten to twenty years for the burglary charge. Petitioner's plea agreement was for life imprisonment without parole eligibility for 25 years for the murder charge, the minimum ten years imprisonment for the burglary charge, and dismissal of the charge in Count II. The plea agreement contained no reference or agreement as to whether the respective sentences would run concurrently or consecutively. The transcript of the guilty plea reflects that the trial court questioned petitioner extensively regarding the plea. A sentencing hearing was set for December 19, 1988.

Prior to sentencing, the petitioner changed his mind, fired his counsel, and moved pro se on November 30, 1988 to withdraw his guilty plea. The court assigned new counsel to represent petitioner on the motion. On December 19, 1988, the trial court held an evidentiary hearing on the motion to withdraw the guilty plea. Petitioner testified that he had been "scared" into pleading guilty by his attorney who had discussed the possibility of the death penalty with him. After considering the testimony, the trial judge overruled the petitioner's motion to withdraw his guilty plea and sentenced Parks to a term of life imprisonment without parole eligibility for 25 years for the murder charge, and ten years imprisonment for the burglary charge, to run consecutively to the life term. Count II of the Indictment was dismissed upon motion by the Commonwealth.

Petitioner appealed to the Kentucky Supreme Court, which directly considered the sole issue of whether the trial court abused its discretion in refusing to permit appellant to withdraw his guilty plea pursuant to RCr 8.10. Petitioner argued that he had pleaded guilty because he was "scared" of the death penalty. In a unanimous decision rendered April 11, 1991, the Kentucky Supreme Court found no abuse of discretion and affirmed the judgment of the trial court. (Case No. 90-SC-527). The Supreme Court of Kentucky expressly found that petitioner's guilty plea was made knowingly and intelligently in all respects. (Case No. 90-SC-527).

Over five years later on June 4, 1996, petitioner filed in the Morgan Circuit Court, Kentucky, a state petition for habeas corpus (Case No. 96-CI-145), alleging

that: 1) if he had gone to trial instead of pleading, the defense of "diminished responsibility" on account of his drug use might have been available, 2) he was not advised of his constitutional rights prior to his plea, 3) he received ineffective assistance of counsel on direct appeal, and 4) his plea agreement was invalid because the ten-year sentence on the burglary charge should not have been consecutive to the life sentence on the murder charge. The trial court denied the state petition for habeas corpus. Parks appealed, and the Kentucky Court of Appeals affirmed without opinion on August 22, 1996. (Case No. 96-CA-1942). The Kentucky Supreme Court denied discretionary review on January 23, 1997. (Case No. 96-SC-823-D).

On February 12, 1997, Parks filed the same arguments in a federal petition for habeas corpus. This District Court found that Parks had shown no basis for habeas relief and denied the petition. See London Case No. 97-67. On July 10, 2001, Parks also filed a state motion pursuant to RCR 60.02 in the Knox County Circuit Court, again arguing that his plea of guilty to criminal charges was not entered knowingly, intelligently, and voluntarily and that he was denied the right to effective assistance of counsel. The Knox County Circuit Court denied his motion and the Kentucky Court of Appeals affirmed, holding that these issues already were, or should have been, raised on direct appeal. See Parks v. Commonwealth, Ky. App., 2004 WL 1299911.

Parks then filed a second petition for habeas corpus in the United States District Court in the Western District of Kentucky, once again attempting to challenge his conviction for murder and burglary. In the second federal petition, petitioner again claims that 1) his plea was involuntary, 2) that the state court "lacked authority" to sentence him, 3) that he could not be given a consecutive sentence, 4) that there was "insufficient evidence", and 5) that he received ineffective assistance of counsel. The United States District Court at Bowling Green transferred this case back to the Eastern District of Kentucky, as the petition challenges a Knox County Circuit Court conviction. Parks is currently in state custody at the Western Kentucky Correctional Complex in Fredonia, Kentucky.

## II. Conclusions of Law

### Successive Habeas Petition

The AEDPA, at 28 U.S.C. §2244, provides that:

3

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The AEDPA, at 28 U.S.C. §2244 (3)(A), further requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The present petition is yet another attempt by petitioner to challenge the legality of his 1988 murder/burglary conviction. The record plainly reflects that the present federal petition is "successive". Petitioner has previously filed a federal habeas petition that was considered and denied on the merits by this District Court. See London Case No. 97-67. Parks is attempting to present issues that have already been adjudicated, but has not obtained permission from the Sixth Circuit Court of Appeals to file a successive §2254 petition. The Sixth Circuit Court of Appeals held in In re Sims, 111 F.3d 45 (6th Cir. 1997)(per curiam) that "when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the

4

district court shall transfer the document to this court pursuant to 28 U.S.C. §1631." See also, In re: Patrick Gray, 163 F.3d 394 (6th Cir. 1998); Homrich v. United States, 205 F.3d 1340, 1999 WL 1206903, *1 (6th Cir. (Kentucky.))("...the district court properly referred this matter to the Sixth Circuit").

In other words, 28 U.S.C. §2244(b)(3) requires petitioners to apply first to the Sixth Circuit Court of Appeals for authorization for a district court to review the merits of a successive petition. Absent the required certification by the Sixth Circuit Court of Appeals, this District Court lacks jurisdiction to consider any issues in a successive petition. As this Court presently has no jurisdiction to consider the merits (or any procedural bars to consideration) of this petition, petitioner is obviously not entitled to an evidentiary hearing at this time. In addition, an order of transfer is not a final appealable order, and thus, defendant is not entitled to a certificate of appealability.

**Rule 60(B)(6) Motion**

To the extent that Parks indicates that he is also bringing his motion pursuant to Rule 60(B)(6) of the Federal Rules of Civil Procedure, the United States Supreme Court observed in Abdur'Rahman, 537 U.S. at 95-96, 123 S.Ct. at 594 (dismissing certiorari as improvidently granted), that "like all habeas corpus petitions, [a second or successive habeas petition] is meant to remedy constitutional violations ... while a Rule 60(b) motion is designed to cure procedural violations in an earlier proceeding--here, a habeas corpus proceeding-- that raise questions about the proceeding's integrity."

The Sixth Circuit Court of Appeals held in In re Abdur'Rahman, 392 F.3d 174, 179 (6th Cir. 2004) that:

> "Rule 60(b) motions and habeas petitions serve different purposes....Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial habeas petition. Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. The 'factual predicate [of a Rule 60(b) motion] deals with some irregularity or procedural defect in the procurement of the judgment denying habeas relief.' Rodwell, 324 F.3d at 70."

In Smith v. Anderson, 402 F.3d 718, 723 (6th Cir. 2005), the Sixth Circuit

5

Court of Appeals explained that:

> "In *Abdur'Rahman v. Bell*, 392 F.3d 174 (6th Cir. 2004)(en banc), this Court set forth the law of this Circuit regarding the circumstances in which a post-judgment motion should be treated as a second or successive petition. The court held that "[w]hen the motion's factual predicate deals primarily with the constitutionality of the underlying state ... conviction or sentence," the motion should be treated as a second or successive petition. *Id.* at 181 (quoting *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). If, however, "the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief," then it should be treated within the usual standards governing Rule 60(b) relief."

The contents of the present petition indicate that Parks is attempting to relitigate the merits of already-adjudicated claims, such as the voluntariness of his guilty plea and the effectiveness of his counsel. He is attempting to raise claims that were or could have been raised on direct appeal or in his initial federal habeas petition. Such allegations concern the alleged violation of federal rights during his criminal trial and the validity of his conviction and sentence, rather than any "irregularity", such as a factually incorrect basis for a procedural default ruling, in the judgment denying habeas relief. See Smith, 402 F.3d at 724 (holding that the district court erred in deeming petitioner's motion as a Rule 60(b)(6) motion because petitioner's claims concerned the constitutionality of the underlying conviction); In re Abdur'Rahman, 392 F.3d at 180. Given the content of his claims, Parks has presented a successive habeas petition, rather than a Rule 60 motion.

## RECOMMENDATION

It is **RECOMMENDED** that the "Petition for Writ of Habeas Corpus" (DE#1) by the petitioner David Wayne Parks, be **transferred** to the Sixth Circuit Court of Appeals to determine whether he may file a successive habeas petition.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 728 F.2d

813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the 3rd day of June, 2005.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge